**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

|  |  |
|---|---|
| **Case No:** | 4:24-cv-7023-JD |

**HONEST GREENS BARCELONA, S.A.U**,
a Spanish corporation,

      Plaintiff,

v.

**POKY'S LLC**, a South Carolina limited
liability company, and **EVI SPAHO**, a South
Carolina resident,

      Defendants.

_____/

## VERIFIED COMPLAINT FOR FEDERAL UNFAIR COMPETITION, FALSE ASSOCIATION, AND RELATED CLAIMS

Plaintiff, HONEST GREENS BARCELONA, S.A.U. ("Honest Greens" or "Plaintiff"), by and through undersigned counsel, hereby brings this action against Defendants POKY'S LLC ("Poky's") and EVI SPAHO ("SPAHO;" collectively with Poky's "Defendants"), and alleges as follows:

### NATURE OF THE ACTION

1.     This is an action for unfair competition and false association pursuant to the Lanham Act (15 U.S.C. § 1051, *et seq.*), for violation of the South Carolina Unfair Trade Practices Act, SC Code § 39-5-10, et seq., and for trademark infringement and unfair competition pursuant to the common law of the State of South Carolina, in connection with Defendants' advertisement of, offering for sale and selling restaurant services under the name HONEST GREENS and confusingly similar variations thereof, in violation of Plaintiff's rights in and to its established **HONEST GREENS** trademarks.

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 because this action involves substantial claims arising under the Lanham Act. This Court has jurisdiction over Plaintiff's related common-law claims pursuant to 28 U.S.C. §§ 1338 and 1367.

3.     This Court has personal jurisdiction over Defendants because they reside within this State, have offered for sale and/or sold restaurant-related services within this State, have engaged in acts or omissions within this State causing injury, have offered services to consumers within this State in the ordinary course of trade, or have otherwise made contacts with this State sufficient to permit the exercise of personal jurisdiction.

4.     This District is a proper venue pursuant to 28 U.S.C. § 1391(b)(1) and (2) because Defendants reside in this District and a substantial part of the acts or omissions giving rise to Plaintiff's claims occurred in this District.

## THE PARTIES

5.     Plaintiff Honest Greens is a corporation organized under the laws of Spain, with a principal place of business at Avenida Diagonal 407, 2-1, Barcelona, Spain 08008. Plaintiff is the record owner of the **HONEST GREENS** trademarks at issue in the instant action.

6.     On information and belief, Defendant Poky's is a limited liability company organized under the laws of the State of South Carolina and having its principal place of business at 7937 N. Kings Hwy, #200, Myrtle Beach, South Carolina 29572. On further information and belief, according to the records of the Secretary of State of South Carolina,

2

Poky's registered agent for service of process is Phillip J. Kasey Jr., 7931 N. Kings Hwy, #140, Myrtle Beach, South Carolina 29572.

7.    On information and belief, Defendant Spaho is a principal of Poky's, the registrant of the honestgreens.us domain name, and a resident of South Carolina having an address at 4739 Bermuda Way, Myrtle Beach, South Carolina 29577.

## FACTUAL ALLEGATIONS

### Honest Greens' Business and Trademark Rights

8.    Honest Greens is a successful and respected business engaged in the promotion and sale of healthy, delicious food that is quick, affordable, and currently offered in approximately 30 different locations across Spain and Portugal ("Honest Greens' Services").

9.    Honest Greens is based in Barcelona, Spain and has locations throughout Barcelona, Madrid, and Valencia in Spain and Lisbon and Porto in Portugal, with additional locations being planned for other countries, including the United Kingdom and United States.

10.    Plaintiff has used its **HONEST GREENS** and **HG HONEST GREENS** marks, as part of its family of HONEST marks. Such family includes, for example, HONEST PEOPLE, HONEST FOOD, HONEST ROOTS, HONEST BEANS, and HONEST IS OUR NORTH STAR (the "HONEST GREENS Marks"). Plaintiff has continuously used the HONEST GREENS Marks in connection with Honest Greens' Services since at least as early as 2017 and their use remains uninterrupted through today. Plaintiff has registered its trademark rights in a variety of the HONEST GREENS Marks throughout the world, as reflected in the summary attached hereto as Exhibit A.

11.    Since 2017, Plaintiff has sold millions of dollars of meals at its numerous HONEST GREENS restaurant locations, including to customers from the United States to

whom Plaintiff has continuously marketed its Honest Greens' Services using the HONEST GREENS Marks.

12.    Since 2017, Plaintiff has spent millions of dollars promoting and advertising the HONEST GREENS restaurants and the HONEST GREENS Marks internationally, including throughout the United States.

13.    As a result of Plaintiff's extensive sales and marketing, the HONEST GREENS restaurants and the HONEST GREENS Marks are extremely well known throughout certain parts of the world, including in the United States.

14.    In connection with its use of the HONEST GREENS Marks, Honest Greens owns the domain name <honestgreens.com> and uses this domain for its website to distinguish itself from its competitors. True and correct copies of pages from Honest Greens' website, which is available in both English and Spanish, are attached hereto as Exhibit B.

15.    Based on data maintained by Plaintiff, tens of thousands of unique visits to Honest Greens' website have originated from United States-based Internet Protocol addresses ("IP addresses"), representing consumers who are potentially interested in visiting one of Honest Greens' locations in Spain or Portugal in connection with their international travels.

16.    Similarly, and also based on data maintained by Plaintiff, thousands of customers at Honest Greens' various locations have completed their transactions utilizing United States-based credit cards. Honest Greens' sales to United States-based customers have accounted for at least seven percent (7%) of Honest Greens' total sales since 2021, when Honest Greens launched its mobile application.

17.     In addition to its website, Honest Greens also launched a mobile application in mid-2021 (the "Honest Greens App"):



18.     Through the Honest Greens App, customers and potential customers, including those based thousands of miles away in the United States, are able to select an Honest Greens restaurant location and place online orders:



19.     Between the mid-2021 launch of the HONEST GREENS App and the present, over 36,000 United States-based users have downloaded the HONEST GREENS App.

20.    Using the HONEST GREENS App, United States-based travelers are able to place an order while still in the United States (i.e., from an airport before their flight to Europe departs) and arrange to pick up their order from an HONEST GREENS restaurant location upon their arrival later that same day in Spain.

21.    In addition to its website and mobile application, Plaintiff also maintains social media accounts associated with its business, including on Instagram and X (formerly Twitter):



As of November 2024, Plaintiff's Instagram account has over 273,500 followers, nearly 8,000 of whom are based in the United States.

22.    Honest Greens' social media accounts are accessible to United States-based consumers and are displayed in English.

23.    Honest Greens' restaurant services have been widely advertised and expansively promoted and offered to the public using the HONEST GREENS Marks. As the result of such advertising and promotion, the public has come to recognize Honest Greens' restaurant services under the HONEST GREENS Marks as emanating from Honest Greens. True and correct copies of a representative sample of Honest Greens' print and digital promotional materials are attached hereto as Exhibit C.

24.    Honest Greens' widespread recognition by the public has led to numerous inquiries from customers and restaurant operators regarding plans to expand Honest Greens' concept of

offering healthy, delicious food that is quick and affordable to other jurisdictions, including cities such as Miami, New York, Los Angeles, and others throughout the United States.

25.     Suppliers, distributors, and customers have come to associate the HONEST GREENS Marks with Honest Greens, as this family of marks has been in use in connection with Honest Greens' Services continuously since as early as 2017.

26.     In connection with the development and growth of its business model, Honest Greens has taken steps to protect the HONEST GREENS Marks by seeking registration of certain of the marks, including HG HONEST GREENS, in various jurisdictions, including the United States, where Honest Greens filed an application in July 2023, identified by Serial Number 98/102,272.

27.     The HONEST GREENS Marks have become, through widespread and favorable public acceptance and recognition, an asset of substantial value as a symbol of Honest Greens, its high-quality services, and its goodwill.

28.     Honest Greens enjoys considerable success and an enviable reputation in its business activities due in large part to its use of and rights in the HONEST GREENS Marks.

29.     Honest Greens' use and marketing efforts have caused customers and potential customers to identify Honest Greens as the sole source of exceptional restaurant services offered under the HONEST GREENS Marks. As such, the distinctiveness of the HONEST GREENS Marks and their connection to the services offered under these marks has, in fact, been established in the minds of the consuming public.

30.     Honest Greens' services have garnered significant positive attention and awards, not only for the quality of Honest Greens' services, but also for Honest Greens' contributions to the community.

31.     By way of example, FaceFoodMag® published a digital feature article about Honest Greens in April 2023 that was distributed internationally, including to the United States market, and remains accessible today:



[Link to this article is available at the following address:

*https://facefoodmag.com/en/lisbon/magazine/honest-greens-welcome-real-food-revolution#:~:text=Frustrated%20by%20their%20inability%20to,out%20to%20create%20it%20themselves*].

32.     As a result of Plaintiff's efforts to develop the HONEST GREENS Marks over the past seven years, Plaintiff possesses a protectable interest in the HONEST GREENS Marks in the United States, bringing Plaintiff's claims within the zone of interests protected by the Lanham Act, 15 U.S.C. § 1051 *et seq*. The Lanham Act contains an unusual and extraordinarily helpful purpose statement in Section 45, 15 U.S.C. § 1127, identifying the statute's zone of interests without any guesswork because the enumerated purposes are relevant to Plaintiff's claims in this action.

**Defendants and Their Unlawful Activities**

8

33.     On information and belief, Defendant Poky's was formed as a South Carolina Limited Liability Company in October 2022.

34.     On further information and belief, Poky's filed an application to register HONEST GREENS with the United States Patent & Trademark Office ("USPTO") on November 22, 2022, identified by Serial No. 97/687,889. Poky's trademark application was based on Poky's alleged *bona fide* intent to use ("ITU") the mark in commerce pursuant to Section 1(b) of the Lanham Act, 15 U.S.C. § 1051(b) in connection with "Non-alcoholic beverages flavoured with coffee; Non-alcoholic beverages flavoured with tea," in International Class 32; and "Restaurant services; preparation of food and beverages; canteen services; cafe services; cafeteria services; fast-food restaurants," in International Class 43.

35.     At the time that Poky's filed its first application to register HONEST GREENS, Plaintiff's HONEST GREENS restaurant business had been operating for approximately five (5) years and had deeply penetrated the United States market through its website, mobile application, and social media accounts.

36.     On information and belief, Poky's was aware of Plaintiff and its use of the HONEST GREENS Marks at the time it was incorporated and filed its first application to register HONEST GREENS with the USPTO.

37.     In July 2023, Poky's filed a second application to register HONEST GREENS and Design with the USPTO, identified as Serial No. 98/074,311, also on the basis of Poky's intent to use the design mark, as displayed below, in connection " Non-alcoholic fruit juice beverages; Fruit juice," in International Class 32, and "Restaurant services featuring salads, wraps, quinoa bowls, breakfast items, coffee, and beverages," in International Class 43:

honest♥greens

38.     On information and belief, Mr. Evi Spaho is associated with Poky's and, on or about July 1, 2022, registered the domain name <honestgreens.us> ("Defendants' Domain"). At present, Mr. Spaho remains the listed registrant of Defendants' Domain:

```
Registry Registrant ID: CC38F60DED3C84D1E92386A878E46E3F2-GDREG
Registrant Name: Evi Spaho
Registrant Organization:
Registrant Street: 4739 bermuda way
Registrant Street:
Registrant Street:
Registrant City: Myrtle Beach
Registrant State/Province: South Carolina
Registrant Postal Code: 29577
Registrant Country: us
Registrant Phone: +1.8437903384
Registrant Phone Ext:
Registrant Fax:
Registrant Fax Ext:
Registrant Email: evispaho@gmail.com
Registrant Application Purpose: P3
Registrant Nexus Category: C11
Registry Admin ID: C56C11B1FBE8B4200A34F0A9679A7BE09-GDREG
```

39.     On information and belief, Mr. Spaho registered Defendants' Domain using the .US top-level domain ("TLD") because the .COM TLD associated with "HONESTGREENS" was already owned by Plaintiff and therefore unavailable to Defendant, all of which was known to Defendants at the time Mr. Spaho registered Defendants' Domain.

40.     On information and belief, Mr. Spaho is an owner and operator of a restaurant business named BLUEBERRY'S GRILL, operating under the corporate name B&C Bar LLC, that is located in the immediate vicinity of Defendants' business address on N. Kings Highway in Myrtle Beach, South Carolina and which Defendants have identified as a "sister restaurant."

41.     On further information and belief, Mr. Spaho is also an owner and operator of Poky's, given his ownership of Defendants' Domain and Defendants' use of Defendants' Domain in connection with a website and mobile application focused on the promotion of Defendants' business and the offering of its services using HONEST GREENS and HG:

10





("Defendants' Website").

42.     On information and belief, in October 2023, Defendants created an Instagram

account using the username HONESTGREENS.US. Defendants' initial post on this Instagram

account appeared on October 9, 2023:



43.     On information and belief, as with Defendants' Domain, Defendants adopted

the HONESTGREENS.US username for Instagram because of their knowledge of Plaintiff's

prior creation and use of HONESTGREENS as its Instagram username, dating back to March 2017:



44.    On information and belief, Poky's opened its HONEST GREENS restaurant in Myrtle Beach, South Carolina in or about May 2024 and was featured in a local 4-part "sponsored content" story about its opening, available at this link featuring its principals: https://www.wmbfnews.com/2024/05/29/step-inside-world-honest-greens-myrtle-beach/.



On information and belief, based on the substance of the "sponsored content" story, at least one of the individuals pictured above is among Defendants' principals.

45.     Upon information and belief, at all times material to the issues presented herein, Defendants had actual, prior knowledge of Honest Greens, the HONEST GREENS Marks, and the success of Plaintiff's business resulting from the HONEST GREENS Marks.

46.     Upon information and belief, Defendants, with complete disregard for Plaintiff's rights, have been openly and actively engaged in the unlawful, unauthorized, unlicensed, and imitative use of identical and/or confusingly similar words, for the same services, all offered to the public in a manner likely to cause confusion.

47.     Defendants' offering to the public of services under the HONEST GREENS mark was, and continues to be, without permission or authority of Plaintiff and without any legitimate license from Plaintiff to use any of the HONEST GREENS Marks.

48.     Upon information and belief, Defendants undertook these activities with full knowledge of the notoriety and use of the HONEST GREENS Marks, and with full knowledge of Plaintiff's rights in the HONEST GREENS Marks and in willful and intentional disregard thereof.

49.     On information and belief, the activities of Defendants alleged herein were undertaken with the specific intent to deceive and mislead consumers as to the sponsorship, source and origin of the services offered by Defendants.

50.     The likelihood of confusion, mistake, and deception engendered by Defendants' misappropriation of the HONEST GREENS Marks is causing irreparable harm to the goodwill symbolized by the HONEST GREENS Marks and the reputation for quality that these marks embody.

51.    Defendants' use of HONEST GREENS and HG has caused, and is likely to continue to cause, actual confusion in the marketplace and has caused, and is likely to continue to cause, damage to Honest Greens by confusing the public as to the source of Defendants' services and the appearance of an association or affiliation between Honest Greens and Defendant. By way of example, Plaintiff has already begun to identify communications posted or sent by consumers who have mistakenly placed orders with Defendant in the belief they were doing so with Plaintiff or who expressed their perception that Defendant's Myrtle Beach operation is affiliated with Plaintiff:



This ticket (#236192) has been assigned to group 'Customer Experience Spain ', of which you are a member.

**Victoria Parsons**

14 Oct 2024, 21:13 CEST

> Caution! This message was sent from outside your organization.     Allow sender | Block sender | Report

Hi there, I've placed this order but it got sent to the wrong location in Myrtle Beach. That is quite far from me since I am in Valencia sprain. I tried calling the store but it wouldn't work since I have an international phone number, could you please cancel this order and either refund the amount or give me a store credit?



| order number | 58 |
| requested time | October 14 2024 at 03:09 PM |
| location | Honest Greens |

| 1X * HIGH PROTEIN BOWL | $12.28 |
| ITEM TOTAL | $12.28 |

| subtotal | $12.28 |

CHARGES

| sc special tax | $0.24 |
| hospitality fee | $0.18 |
| sc city tax | $0.12 |
| sc state tax | $0.74 |
| hospitality tax | $0.12 |

**patrick holihan**

16 Oct 2024, 13:53 CEST

> Caution! This message was sent from outside your organization.     Allow sender | Block sender | Report

I hope this finds you well and happy.

Finding your restaurant was a wonderful accident.

While exploring Lisbon we walked to the aquarium, taking a route that caused us to pass Honest Greens. Intrigued by the name and the look of the place, we stopped in on our return. Menu offerings were unusual and attractive. The staff helped guide that 1st visit. Remarking on our great find, we thought HG must have multiple locations. Our experience left an impression. Upon returning home from Europe, I researched HG in the USA, and, what luck!

We live in Myrtle Beach with an HG! Whenever our Lisbon story is shared, we recall discovering Honest Greens!

A unique approach to healthy casual dining = BRAVO! Looking forward to seeing you soon.

*PATRICK J. HOLIHAN*

15

(Highlighting added). In addition, Plaintiff has also received communications from consumers who are identifying Defendant and its actions in "trying knock off the concept with the same name in South Carolina":



52.     Defendants' acts are unlawfully damaging Plaintiff and will continue to do so unless enjoined by this Court.

## FIRST CLAIM FOR RELIEF
### (Federal Unfair Competition)

53.     Plaintiff repeats and incorporates paragraphs 1 through 52 inclusive as if set forth verbatim herein.

54.     Defendants' use of HONEST GREENS and deceptive marketing materials in connection with restaurant services falsely represent to the public that Defendants are affiliated, connected, or associated with, or sponsored or approved by Plaintiff, in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

55.     Defendants' use of HONEST GREENS and deceptive marketing materials in connection with restaurant services falsely represent the nature, character, and/or qualities of its services and commercial activities, in violation of Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

56.     Plaintiff has been, and will be, irreparably damaged by said false designations, false descriptions, and false representations in that consumers are likely to be induced into dealing with

16

Defendants in the mistaken belief that Defendants' services, which have been advertised, promoted, solicited, sold or offered for sale in connection with an unauthorized reproduction of the HONEST GREENS Marks, are authorized, endorsed, sponsored by or otherwise approved by Plaintiff.

57.     Defendants are using the unauthorized reproduction of the HONEST GREENS Marks with express knowledge that these marks are associated exclusively with Plaintiff and exclusively designate Plaintiff's services. Defendants' acts of unfair competition and false association are willful and deliberate and with an intent to reap the benefit of the goodwill and reputation associated with the HONEST GREENS Marks.

58.     Defendants' acts therefore constitute violations of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

59.     The foregoing acts of Defendant are causing irreparable injury to Plaintiff and to its goodwill and reputation and will continue to both damage Plaintiff and deceive the public unless enjoined by this Court. Plaintiff has no adequate remedy at law, injunctive relief is warranted considering the hardships between Plaintiff and Defendant, and the public interest would be served by enjoining Defendants' unlawful activities.

60.     Plaintiff's injuries are proximately caused by Defendants' violations of Section 43(a) of the Lanham Act and these injuries have a sufficiently close connection to the conduct the statute prohibits. Plaintiff has suffered economic and reputational injury flowing directly from the deception caused by Defendants' advertising materials, such that Defendants' deception of consumers is likely to cause consumers to withhold trade from Plaintiff.

## SECOND CLAIM FOR RELIEF
### *(Federal False Association)*

61.     Plaintiff repeats and incorporates paragraphs 1 through 52 inclusive as if set forth verbatim herein.

62.     As a result of Defendants' use of HONEST GREENS and deceptive marketing materials in connection with restaurant services, Defendant has actually deceived, will continue to deceive, and remains likely to deceive the consuming public.

63.     The deception caused by Defendants' actions is material, in that it is likely to influence the purchasing decisions of consumers.

64.     Defendants' actions have been undertaken with the knowledge of Plaintiff's HONEST GREENS Marks, including the penetration of these marks into the United States, and with the intent to usurp Plaintiff's goodwill in an effort to compete unfairly against Plaintiff.

65.     Defendants' acts constitute false association in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

66.     Plaintiff has been, and will be, irreparably damaged by said false designations, false descriptions, and false representations in that consumers are likely to be induced into dealing with Defendant in the mistaken belief that Defendants' services, which have been advertised, promoted, solicited, sold or offered for sale in connection with an unauthorized reproduction of the HONEST GREENS Marks, are authorized, endorsed, sponsored by or otherwise approved by Plaintiff.

67.     Defendants are using the unauthorized reproduction of the HONEST GREENS Marks with express knowledge that these marks are associated exclusively with Plaintiff and exclusively designate Plaintiff's services. Defendants' acts of unfair competition and false

association are willful and deliberate and with an intent to reap the benefit of the goodwill and reputation associated with the HONEST GREENS Marks.

68.    The foregoing acts of Defendants are causing irreparable injury to Plaintiff and to its goodwill and reputation and will continue to both damage Plaintiff and deceive the public unless enjoined by this Court. Plaintiff has no adequate remedy at law, injunctive relief is warranted considering the hardships between Plaintiff and Defendants, and the public interest would be served by enjoining Defendants' unlawful activities.

69.    Plaintiff's injuries are proximately caused by Defendants' violations of Section 43(a) of the Lanham Act and these injuries have a sufficiently close connection to the conduct the statute prohibits. Plaintiff has suffered economic and reputational injury flowing directly from the deception caused by Defendants' advertising materials, such that Defendants' deception of consumers is likely to cause consumers to withhold trade from Plaintiff

### THIRD CLAIM FOR RELIEF
*(Federal Cybersquatting)*

70.    Plaintiff repeats and incorporates paragraphs 1 through 52 inclusive as if set forth verbatim herein.

71.    Plaintiff is the exclusive owner and proprietor of all rights, title, and interest in its HONEST GREENS Marks.

72.    The HONEST GREENS Marks were well-known and distinctive prior to the registration or use by Defendants of the honestgreens.us domain name.

73.    On information and belief, Defendants have registered, trafficked in, and used the honestgreens.us domain name in violation of the federal prohibition against cybersquatting, 15 U.S.C. § 1125(d).

74.     The registration and use of the honestgreens.us domain name violates Plaintiff's rights as the owner of the HONEST GREENS Marks. Defendants' Domain is confusingly similar to and/or dilutive of Plaintiff's HONEST GREENS Marks.

75.     On information and belief, Defendants had, and continue to have, bad faith intent to profit from their registration and use of Defendants' Domain.  Defendants willfully and intentionally operate the domain with reckless or willful disregard of Plaintiff's rights in the HONEST GREENS Marks.

76.     The foregoing acts of Defendants are causing irreparable injury to Plaintiff and to its goodwill and reputation and will continue to both damage Plaintiff and deceive the public unless enjoined by this Court. Plaintiff has no adequate remedy at law, injunctive relief is warranted considering the hardships between Plaintiff and Defendants, and the public interest would be served by enjoining Defendants' unlawful activities.

### FOURTH CLAIM FOR RELIEF
***(Violation of South Carolina Unfair Trade Practices Act,***
***S.C. Code Ann. § 39-5-10, et. seq.)***

77.     Plaintiff repeats and incorporates paragraphs 1 through 52 inclusive as if set forth verbatim herein.

78.     The acts of Defendants complained of herein constitute unfair methods of competition and unlawful or deceptive acts or practices in the conduct of any trade or commerce, which acts are unlawful pursuant to the South Carolina Unfair Trade Practices Act (the "SCUTPA"), S.C. Code Ann. § 39-5-20(a), and which affect the public interest in that, among other things, they are likely to be repeated by Defendants absent deterrence and/or Defendants' procedures create a potential for repetition.

79.     Such unlawful and deceptive acts, practices and/or violations of the SCUTPA by Defendants were willful, in that Defendants knew or should have known that their deceptive acts and practices violated the SCUTPA.

80.     As a result of the use or employment by Defendants of the unfair and deceptive acts and practices, Plaintiff has been injured and damaged. Such damages include, but are not limited to treble damages and reasonable attorneys' fees and costs for Defendants' willful violation of the SCUTPA. Unless the foregoing alleged actions of Defendants are enjoined, Plaintiff will continue to suffer injury and damage.

## FIFTH CLAIM FOR RELIEF
### *(Common Law Unfair Competition)*

81.     Plaintiff repeats and incorporates paragraphs 1 through 52 inclusive as if set forth verbatim herein.

82.     The acts of Defendants complained of herein result in confusion as to the source, sponsorship, or affiliation of Defendants' services and therefore constitute unfair competition in violation of the common law of South Carolina.

83.     As a result of the foregoing alleged actions of Defendants, Defendants have been unjustly enriched, and Plaintiff has been injured and damaged. Unless the foregoing alleged actions of Defendants are enjoined, Plaintiff will continue to suffer injury and damage.

## SIXTH CLAIM FOR RELIEF
### *(Common Law Trademark Infringement)*

84.     Plaintiff repeats and incorporates paragraphs 1 through 52 inclusive as if set forth verbatim herein.

85.     The acts of Defendants complained of herein constitute trademark infringement in violation of the common law of South Carolina.

86.     Defendants, with full knowledge of Plaintiff's rights in the HONEST GREENS Marks, and of the valuable goodwill associated therewith, have committed the acts alleged herein willfully and with the intent to trade off the goodwill associated with Plaintiff's trademark assets.

87.     Defendants' use of the infringing marks as described above has caused, is causing and, unless enjoined by this Court, will continue to cause confusion and mistake in the marketplace and deception of the trade and public as to the relationship or affiliation of the parties and the source, origin, or sponsorship of their respective goods and services.

88.     Defendants' use of the HONEST GREENS Marks as described above has impaired, is impairing and, unless enjoined by this Court, will continue to impair Plaintiff's reputation under these trademarks and has caused, is causing and, unless enjoined by this Court, will continue to cause injury and damage to Plaintiff for which Plaintiff is entitled to relief under the common law.

89.     As a result of the foregoing alleged actions, Defendants have been unjustly enriched, and Plaintiff has been injured and damaged. Unless the foregoing alleged actions of Defendants are enjoined, Plaintiff will continue to suffer injury and damage.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court:

A.     Preliminarily and permanently enjoin and restrain Defendants, their agents, servants, employees, representatives, and those in active concert or participation with any of them, from:

(1)     Advertising, promoting, offering for sale, selling, or distributing in any manner restaurant services in connection with or bearing the name HONEST GREENS, and making any use of such mark or name which is confusingly similar to Plaintiff's HONEST GREENS Marks;

(2)     Representing or suggesting in any fashion to any third party that Defendants' goods or services are affiliated with, sponsored by, or otherwise connected with Plaintiff;

(3)     Doing any other acts calculated or likely to cause confusion or mistake in the mind of the public or to lead consumers into the belief that Defendants' goods or services are authorized, sponsored, licensed, endorsed, promoted, or condoned by Plaintiff, or are otherwise affiliated with or connected to Plaintiff; and

(4)     Otherwise competing unfairly with Plaintiff;

B.      Order Defendants to file with the Court and serve upon Plaintiff, within thirty (30) days of the entry of the injunction prayed for herein, a report in writing under oath setting forth in detail the form and manner in which Defendants have complied with the permanent injunction, pursuant to 15 U.S.C. 1116(a);

C.      Order Defendants to pay to Plaintiff:

(1)     Defendants' profits and all damages sustained by Plaintiff as a result of Defendants' unfair competition;

(2)     all gains, profits, and advantages derived by Defendants as a result of Defendants' false association; and

(3)     all damages for Defendants' willful engagement in deceptive acts and practices pursuant to the South Carolina Deceptive Trade Practices Act.

23

D.      Order that Defendants, in accordance with 15 U.S.C. §§ 1116(d) and 1118, be required to deliver up to be impounded during the pendency of this action all infringing advertising, promotional, or other materials in its possession or under its control, and to deliver up for destruction all infringing copies and all patterns, dies, molds, and other paraphernalia used for making such infringing copies or for reproducing Defendants' unlawful marks;

E.      Order the transfer of the domain name honestgreens.us to Plaintiff;

F.      Order that Defendants be required to pay to Plaintiff treble damages pursuant to 15 U.S.C. § 1117(b) and S.C. Code Ann. § 39-5-140;

G.      Order that Defendants be required to pay to Plaintiff the costs of this action and reasonable attorney's fees pursuant to 15 U.S.C. § 1117 and S.C. Code Ann. § 39-5-140; and

H.      Order that Plaintiff be awarded such other and further relief as the Court finds just and proper.

Respectfully submitted,

*s/ Amelia S. Waring*
Amelia S. Waring, Fed ID No 13327
Todd A. Serbin *(Pro Hac Vice* to be submitted)
**MAYNARD NEXSEN PC**
1230 Main Street, Suite 700
Columbia, SC 29201
Phone: 803-771-8900
Email: AWaring@maynardnexsen.com
Email: TSerbin@maynardnexsen.com

and

David K. Friedland
(*Pro Hac Vice* to be submitted)
**FRIEDLAND VINING**
6619 South Dixie Highway, PMB 157
Miami, FL 33143
Phone: 305.777.1725
Email: dkf@friedlandvining.com

***ATTORNEYS FOR PLAINTIFF***

December 4, 2024
Columbia, South Carolina

**VERIFICATION**

In accordance with 28 U.S.C. § 1746, I, Christopher Fuchs, as  CEO and Founder  of  Honest Greens Barcelona, S.A.U., declare under penalty of perjury that I have read the foregoing Verified Complaint and that the facts stated therein are true and correct.

Executed in  Barcelona ,         ,  Spain         , this  3rd day of December, 2024.

Christopher Fuchs