IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| HONEST GREENS BARCELONA, S.A.U., a Spanish corporation, | ) ) ) | CASE NO.: 4:24-cv-07023-JD |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | MEMORANDUM ORDER AND OPINION ON PLAINTIFF'S MOTION TO DISMISS OR STRIKE DEFENDANT'S SECOND COUNTERCLAIM |
| POKY'S LLC, a South Carolina limited liability company, | ) ) ) | |
| Defendant. | ) ) | |

This is a trademark infringement and unfair competition case. Plaintiff Honest Greens Barcelona, S.A.U. ("HGB") sued Defendant Poky's LLC ("Poky's"), alleging violations of federal and state trademark laws arising from Defendant's use of the name HONEST GREENS in connection with its Myrtle Beach restaurant. HGB has moved to dismiss or, in the alternative, to strike Defendant's second counterclaim pursuant to Rules 12(b)(6) and 12(f) of the Federal Rules of Civil Procedure. (DE 28.) Defendant has not filed any response in opposition. After careful review of the pleadings, docket, and motion, the Court grants Plaintiff's Motion to Strike.

**I.     BACKGROUND**

The following facts are taken from Plaintiff's Amended Complaint (DE 24) and are accepted as true for purposes of this Motion. Where appropriate, the Court also summarizes Defendant's responsive pleadings and counterclaims (DE 26).

1

A.   **HGB's Amended Complaint**

HGB is an internationally recognized restaurant group that has operated under the HONEST GREENS brand since at least 2017. (DE 24 ¶ 9.) Headquartered in Barcelona, Spain, HGB operates approximately 30 restaurants across Spain and Portugal and has announced plans to expand into the United Kingdom and the United States. (DE 24 ¶¶ 7–8.)

HGB promotes and relies upon a family of HONEST-formative marks—including HONEST GREENS, HG HONEST GREENS, HONEST FOOD, HONEST ROOTS, and HONEST BEANS—that have been used continuously in commerce since 2017. These marks are supported by worldwide registrations, including a U.S. application filed in July 2023. (DE 24 ¶¶ 9, 25.)

HGB alleges its goodwill extends well beyond Europe. Since 2017, it has sold millions of dollars' worth of meals to international travelers, including U.S.-based customers, and has spent millions of dollars promoting its brand worldwide, including in the United States. (DE 24 ¶¶ 10–11.) Data shows that U.S. customers accounted for at least seven percent of HGB's total sales after the 2021 launch of its mobile application, which has been downloaded by more than 36,000 U.S. users. (DE 24 ¶¶ 15, 18.) HGB's website, <honestgreens.com>, receives tens of thousands of visits from U.S. IP addresses annually, and its Instagram account has more than 273,500 followers, nearly 8,000 of whom are U.S.-based. (DE 24 ¶¶ 13–14, 20–21.) HGB also alleges significant U.S. recognition through social media engagement, press coverage, and inquiries from potential franchisees. (DE 24 ¶¶ 22–23, 29–30.)

Against this backdrop, HGB claims Poky's knowingly adopted the identical HONEST GREENS name to trade off HGB's goodwill. Poky's was incorporated in South Carolina in October 2022 and soon filed two U.S. trademark applications: one in November 2022 for HONEST GREENS and another in July 2023 for HONEST GREENS and Design (DE 24 ¶¶ 32–36). Around the same time, an associate of Poky's registered the <honestgreens.us> domain, which was later transferred to Poky's. In October 2023, Poky's launched a corresponding Instagram account under the handle @honestgreens.us. (DE 24 ¶¶ 37–43.) In May 2024, Poky's opened a Myrtle Beach restaurant under the HONEST GREENS name and promoted the opening through local media. (DE 24 ¶ 44.)

HGB alleges that Poky's conduct was intentional, unauthorized, and likely to confuse consumers by offering identical restaurant services under an identical name in overlapping marketing channels. (DE 24 ¶¶ 45–47.)

Based on these allegations, HGB asserts six causes of action: (1) federal unfair competition under the Lanham Act, 15 U.S.C. § 1125(a); (2) false association under the Lanham Act, 15 U.S.C. § 1125(a); (3) cybersquatting under the Lanham Act, 15 U.S.C. § 1125(d); (4) violation of the South Carolina Unfair Trade Practices Act; (5) common law unfair competition; and (6) common-law trademark infringement. (DE 24.)

B.   **Poky's Counterclaim**

On June 3, 2025, Poky's filed its Answer and Counterclaims. (DE 26.) Poky's generally denies liability, disputes HGB's allegations of U.S. market penetration, and asserts affirmative defenses, including failure to state a claim. (DE 26 at 10–11.)

Poky's describes itself as a South Carolina limited liability company formed in October 2022 that owns and operates an HONEST GREENS restaurant in Myrtle Beach. Poky's also acknowledges ownership of the <honestgreens.us> domain and related social media accounts. (DE 26 ¶¶ 32–38, 42.) Poky's asserts that its branding, trade dress, and marketing are distinct from HGB's European operations, and that no actual consumer confusion has occurred in the United States. (DE 26 ¶¶ 28–30.)

Poky's asserts that it has invested significant resources in advertising and promoting its Myrtle Beach HONEST GREENS restaurant, including use of the HONEST GREENS name on signage, menus, and its website <honestgreens.us>. (DE 26 ¶¶ 6–7.) Poky's alleges that since opening in October 2023, it has not experienced any instances of actual consumer confusion with Plaintiff's European operations and contends that the parties' marks, as used in commerce, differ in sight, sound, meaning, and overall commercial impression. (*Id.* ¶ 8.)

Poky's also pleads that it sought trademark protection in the United States before Plaintiff. On November 22, 2022, Poky's filed U.S. Application Serial No. 97/687,889 for HONEST GREENS covering beverages and restaurant services, which was approved for publication in November 2023. (*Id.* ¶¶ 9–10.) HGB sought and received extensions of time to oppose the application and filed a Notice of Opposition

in March 2024. Poky's alleges that HGB's opposition was predicated on rights in a U.S. registration that had never been used domestically and that HGB attempted to amend its opposition to claim U.S. common law rights it did not possess. (*Id.* ¶¶ 11, 15–16.) Poky's also alleges that after receiving Rule 11 warnings, HGB withdrew its motion to amend, and later filed this lawsuit rather than pursuing the TTAB proceeding. (*Id.* ¶¶ 17–19.)

Poky's also filed U.S. Application Serial No. 98/074,311 on July 7, 2023, for its HONEST GREENS design mark covering fruit juices and restaurant services. (*Id.* ¶ 12.) Although HGB obtained extensions of time to oppose, Poky's alleges that HGB ultimately chose not to file a notice of opposition. As a result, the USPTO issued a Notice of Allowance for Poky's design mark application on December 24, 2024. (*Id.* ¶¶ 13–14, 20–21.)

Based on these allegations, Poky's seeks to establish priority of use and registration in the United States and contends that HGB lacks enforceable U.S. rights in the HONEST GREENS mark. (*Id.* ¶¶ 7–21.)

To that end, Poky's asserts two counterclaims. First, Poky's seeks cancellation of HGB's U.S. Registration No. 6,578,577 for the HNST design mark pursuant to 15 U.S.C. § 1119. Poky's alleges that the registration is invalid because the mark has never been used in the United States and, after more than three years of non-use, is presumptively abandoned. (DE 26 ¶¶ 22–27.) Second, Poky's seeks a declaratory judgment of non-infringement under 28 U.S.C. §§ 2201–2202 and the Lanham Act, 15 U.S.C. § 1051 et seq. Poky's contends that it has priority of use in the United

States, that HGB has not established enforceable U.S. trademark rights, and that the parties' marks and services are sufficiently distinct to preclude any likelihood of confusion. (DE 26 ¶¶ 28–30.)

## C. Procedural Background

HGB commenced this action on December 4, 2024, originally naming Poky's and Evi Spaho as defendants. (DE 1; DE 14 at 1.) After Spaho transferred the <honestgreens.us> domain to Poky's, HGB filed the Amended Complaint, removing Spaho as a party but asserting the same six claims against Poky's. (DE 24 ¶¶ 37–38.)

Poky's responded with its Answer and Counterclaims on June 3, 2025. (DE 26.) On June 17, 2025, Plaintiff moved to dismiss or strike Poky's Second Counterclaim under Rule 12(b)(6) and Rule 12(f), arguing the counterclaim is redundant of Plaintiff's claims and will necessarily be resolved by adjudication of the Amended Complaint. (DE 28; DE 28-1 at 1.)

## II.    LEGAL STANDARD

**Fed. R. Civ. P. 12(f)**

Rule 12(f) provides that a court, acting on its own or on a motion, "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Rule 12(f) empowers courts to strike immaterial matter to promote judicial efficiency and avoid needless expenditure of time and money." *County. of Dorchester, S.C. v. AT & T Corp.*, 407 F. Supp. 3d 561, 565 (D.S.C. 2019) (internal quotations and citation omitted). "Rule 12(f) motions are generally viewed with disfavor 'because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic.'"

*Waste Mgt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (quoting another source). Therefore, "such motions are to be granted infrequently" and, upon review, "decisions that are reasonable, that is, not arbitrary, will not be overturned." *Renaissance Greeting Cards, Inc. v. Dollar Tree Stores, Inc.*, 227 F. App'x. 239, 246–47 (4th Cir. 2007) (per curiam) (quoting another source). Nevertheless, "a defense that might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense to the action can and should be deleted." *Waste Mgt. Holdings, Inc.*, 252 F.3d at 347 (citation omitted).

However, "the Court notes the standard by which courts judge Rule 12(f) motions imposes a sizable burden on the movant." *Clark v. Milam*, 152 F.R.D. 66, 70 (S.D.W. Va. 1993). "It is well established that when ruling on a motion to strike, the court must view the pleading under attack in a light most favorable to the pleader." *Id.*; *see also Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 966 (9th Cir. 2014). Additionally, "[w]here there is any question of fact or any substantial question of law, the court should refrain from acting until some later time when these issues can be more appropriately dealt with." *United States v. Fairchild Indus., Inc.*, 766 F. Supp. 405, 408 (D. Md. 1991). "Accordingly, a motion to strike matter from an answer will not be granted, unless the moving party demonstrates that the challenged material is 'so unrelated to the plaintiff's claims as to be unworthy of any consideration as a defense' such that 'its presence in the pleading throughout the proceeding will be prejudicial to the moving party.'" *Chao v. Hagemeyer N. Am., Inc.*, 2006 WL 8443655, at *2 (D.S.C. Oct. 20, 2006) (quoting another source).

7

### III.   DISCUSSION

Plaintiff contends, among other things, that Defendant's Second Counterclaim for declaratory judgment is redundant of the claims already asserted in the Amended Complaint and, therefore, should be stricken under Rule 12(f). The Court agrees. Rule 12(f) allows a court to strike from a pleading any "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). In the declaratory judgment context, "the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.*, 416 F.3d 290, 296 (4th Cir. 2005). The Fourth Circuit has long recognized that a district court retains discretion to determine whether to render declaratory relief. *Id*. at 296−97 (noting this discretion is not unbound when there is a parallel or related pending state court matter).

To that end, courts in this district have exercised their discretion to dismiss declaratory judgment counterclaims that merely duplicate issues already raised in the plaintiff's complaint. *See Monster Daddy LLC v. Monster Cable Prods., Inc.*, 2010 U.S. Dist. LEXIS 124922, at *16–17 (D.S.C. Nov. 23, 2010) (striking declaratory judgment counterclaims for priority and infringement where those same issues were squarely before the court by way of the plaintiff's claims). More recently, in *Lowe v. City of Charleston*, 597 F. Supp. 3d 855, 863–64 (D.S.C. 2022), the court likewise declined to entertain a declaratory judgment claim that "effectively seeks adjudication on the merits" of an existing claim, explaining that such relief serves no

useful purpose when it is redundant of issues already before the court. *Id*. at 864. Here, Poky's Second Counterclaim seeks a declaratory judgment that its use of the HONEST GREENS mark does not infringe HGB's rights. That counterclaim is duplicative of issues necessarily resolved by adjudicating HGB's Amended Complaint, which asserts trademark infringement, unfair competition, and related claims. The requested declaratory relief would add nothing beyond the defenses and issues already framed by HGB's six causes of action. Allowing the counterclaim to proceed would, therefore, serve no useful purpose and risk confusing the presentation of issues at trial.

Additionally, Poky's has not opposed HGB's motion. The Court's Scheduling Order provides that, when no timely response is filed to a motion, the Court will grant it "with the notation that it is being 'granted without opposition.'" (DE 29 at 2 n.4). Because Poky's has not opposed HGB's motion, the Court finds no independent reason to preserve the counterclaim. Accordingly, both on the merits under Rule 12(f) and based on Poky's non-opposition, the Court concludes that HGB's Motion should be granted.

## IV. CONCLUSION

For these reasons, the Court finds that Defendant Poky's Second Counterclaim is redundant of Plaintiff HGB's claims and provides no independent basis for relief. Consistent with Rule 12(f), and noting Defendant Poky's failure to oppose the motion, the Court hereby GRANTS Plaintiff Honest Greens Barcelona, S.A.U.'s Motion to Strike Defendant Poky's LLC's Second Counterclaim. (DE 28.)

IT IS SO ORDERED.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
September 30, 2025